[Cite as *State v. Jones*, 2012-Ohio-1301.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO.    11 MA 60 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | O P I N I O N |
| | ) | |
| CHRISTINE JONES, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from County Court No. 4,
Case No. 10CRB1175.

JUDGMENT:     Reversed and Remanded.

APPEARANCES:
For Plaintiff-Appellee:     Attorney Paul Gains
Prosecuting Attorney
Attorney Ralph Rivera
Assistant Prosecuting Attorney
21 West Boardman Street, 6th Floor
Youngstown, Ohio  44503

For Defendant-Appellant:     Attorney James Vitullo
5232 Nashua Drive, Suite 5
Austintown, Ohio  44515

JUDGES:
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated:  March 20, 2012

VUKOVICH, J.

{¶1} Defendant-appellant Christine Jones appeals from her conviction of selling alcohol to an underage person, which was entered in Mahoning County Court Number 4. The main argument appellant presents here is that the complaint, unaccompanied by a separate affidavit, should have been dismissed because it lacked factual justification to support the arrest warrant and thus the deputy clerk could not make a probable cause determination.

{¶2} Crim.R. 4(A)(1) states that an arrest warrant cannot be issued unless it appears from the complaint or affidavit filed with the complaint that there is probable cause to believe an offense has been committed and the defendant committed that offense. The United States and Ohio Constitutions provide that no warrants shall issue but upon probable cause, supported by oath or affirmation. The United States Supreme Court requires the complaint or affidavit filed in support of an arrest warrant to contain sufficient information to allow an independent judgment by the issuing judicial officer as to whether there is probable cause to support the issuance of a warrant.

{¶3} Specifically, the authority issuing the warrant must judge for herself the persuasiveness of the facts relied upon by the officer-complainant to establish probable cause and should not accept without question the officer's mere conclusion that the person sought to be arrested committed the crime. A neutral and detached judicial officer, not a police officer, is the party with the final obligation to independently determine that there is probable cause to issue an arrest warrant. In other words, the issuing authority is not a rubber-stamp for the police. Thus, the document serving as the affidavit must disclose the complainant's grounds for believing the defendant committed the offense.

{¶4} Here, the complaint, unaccompanied by a separate affidavit, merely contained a statement that the offense was committed by the defendant on a certain date at a certain place, without explaining the officer's source of knowledge or why the officer otherwise believed the defendant committed the offense. As will be established

below, there were no grounds provided from which the issuing authority could determine whether there was probable cause to support the officer's belief that appellant committed the offense. Thus, appellant's conviction is reversed, and the case remanded with instructions for the trial court to quash the arrest warrant.

{¶5} Appellant also argues that the complaint was not signed under oath because no oral oath was vocalized. However, an oral oath is not required where the complaint states that it is signed under oath, the officer-complainant knows that he is signing under oath, the deputy clerk asks the officer to ensure the contents are correct, and the deputy clerk witnesses the officer's signature and signs the jurat. Here, the complaint was signed under oath and the complaint, although insufficient to permit an arrest warrant to be issued, is sufficient to serve as a charging document. Accordingly, we shall not order the trial court to dismiss the complaint.

## STATEMENT OF THE CASE

{¶6} A police officer with the Austintown Police Department was working liquor enforcement with a nineteen-year-old college student, who was starting his first day employed as an informant for the department. The student entered a bar called The Budapest Inn and ordered a beer. Appellant, who was working behind the bar, asked for the student's identification. He provided his license, which was a different color and orientation due to his young age. Still, the bartender sold him a beer. Using his phone, the student signaled the officer, who was waiting in the parking lot. The officer entered the bar, confiscated the beer, and advised appellant that he was going to file a complaint against her for the offense.

{¶7} On October 26, 2010, the officer caused a complaint to be filed, which did not relate any of these facts. Nor was an affidavit filed in support of the complaint. The complaint signed by the officer stated:

{¶8} "Before me, Teresa Drummond, deputy clerk of said county court personally came Sgt. Jordan Yacavone duly sworn according to law, deposes and says that on or about October 22, 2010 at the county of aforesaid, one Christine M. Jones at Budapest Inn, 3780 Mahoning Avenue, Austintown, Ohio 44515 did unlawfully sell beer (12 oz bottle of Coors Light) to a person under the age of 21 years,

(dob 12-29-90), offenses involving underage person. In violation of Section 4301.69 (A) (M-1) of the O.R.C." (Changed to lowercase).

{¶9} The deputy clerk, who was a secretary at the police department, signed the complaint under the statement, "Sworn to before me and subscribed before me * * *." The same day, a warrant upon the complaint was issued by a different deputy clerk. The warrant stated in part: "Whereas, there has been filed before me an affidavit, the original of which is herewith attached and by reference made a part of this warrant." The affidavit referred to in the form warrant was apparently the complaint itself as the complaint is the only sworn document in the file. The police report was filed; however, it was not sworn before anyone or referenced in the complaint. The officer used his discretion to turn the warrant into a summons and served appellant with notice to appear as permitted by Crim.R. 4(A)(2).

{¶10} On February 2, 2011, appellant filed a motion to dismiss arguing that the complaint did not contain sufficient information for the deputy clerk to make an independent determination of probable cause as it contained no facts showing why the officer believed appellant sold the beer to the underage person or the source of the officer's belief. Appellant urged that a defendant has a constitutional right to a finding of probable cause before a warrant or summons is issued for him to answer.

{¶11} The court heard testimony on the procedure used in preparing the complaint and obtaining the warrant during the bench trial on the offense. The officer testified that he filled out a request for a warrant, which contained the information he wanted placed in the complaint. (Tr. 50-51). He gave the form to the police department secretary, Ms. Drummond, who is also named as a deputy clerk for Mahoning County. She typed the complaint for him based upon the information he put into his request. (Tr. 52).

{¶12} The officer then reviewed the complaint before the secretary to make sure the information was correct and signed the complaint. (Tr. 53). Although on cross-examination, he answered that the clerk did not swear him in, he testified on direct that he signed the complaint under oath and was swearing to its contents. (Tr. 67, 69). The clerk then signed the jurat on the complaint and brought it to the court, where a different deputy clerk named Debbie Haught issued the warrant. (Tr. 53, 57).

When asked if he applied to anyone for a probable cause determination, the officer answered that he did not. (Tr. 64). He also explained that he recently began using arrest warrants due to a prior case where the same defense attorney argued that an officer could not make warrantless arrests for misdemeanors committed outside his presence. *See* R.C. 2935.03(A)(1) (can arrest without warrant for offense committed in officer's presence); 2935.04 (can arrest without warrant if reasonable grounds to believe felony committed).

{¶13} After the hearing, defense counsel added the argument that the officer was not sworn under oath. The court denied the motion to dismiss and found appellant guilty. Appellant was sentenced to a thirty-day suspended sentence with six months of non-reporting probation and fined $500. Appellant filed a timely notice of appeal raising arguments about the clerk's ability to discern probable cause for an arrest warrant and the failure to verbally place the officer under oath at the time the complaint was signed.

ASSIGNMENTS OF ERROR NUMBERS ONE & TWO

{¶14} "COURT LACKED JURISDICTION BECAUSE THE COMPLAINT LACKS FACTUAL JUSTIFICATION TO SUPPORT THE WARRANT."

{¶15} "COURT LACKED JURISDICTION BECAUSE THE DEPUTY CLERK DID NOT DETERMINE PROBABLE CAUSE."

{¶16} Within these two assignments, appellant argues that the deputy clerk did not and could not make a probable cause determination. In doing so, he first suggests that the United States Supreme Court's decision in *Shadwick*, that deputy clerks can act as the magistrate or judicial officer for purposes of issuing warrants, only applies to minor misdemeanors. However, this statement is incorrect.

{¶17} First, *Shadwick* did not involve a minor misdemeanor, but an impaired driving offense. *Shadwick v. City of Tampa*, 407 U.S. 345, 92 S.Ct. 2119, 32 L.E.2d 783 (1972). The statement appellant refers to in that case was merely a factual notation that the specific municipal court deputy clerk was empowered to issue arrest warrants for violations of municipal ordinances but not for felony or misdemeanor violations of state law. Moreover, the Ohio Supreme Court has applied *Shadwick* to a felony case and held that a deputy clerk can issue an arrest warrant. *State v.*

*Fairbanks*, 32 Ohio St.2d 34, 39-40, 289 N.E.2d 352 (1972). In addition, Crim.R. 4(A)(1) states that the arrest warrant "shall be issued by a judge, magistrate, clerk of court, or officer of the court designated by the judge * * * ." Thus, this argument is without merit.

{¶18} Appellant moves on to argue that the remainder of the *Shadwick* holding has not been satisfied here. In holding that a state can allow a non-lawyer to issue arrest warrants and that a deputy clerk can thus act as the issuing magistrate, the *Shadwick* Court noted that the issuing magistrate must meet two tests: he must be neutral and detached, and he must be capable of determining whether probable cause exists for the requested arrest or search. *Shadwick*, 407 U.S. at 349-350. It is the defendant who has the burden of showing partiality or close connection with the prosecution or law enforcement, and it is the defendant who has the burden of showing that the clerk lacks the capacity to determine probable cause. *Id.* at 350-351. *See also State v. Hendricks*, 12th Dist. No. CA82-03-0025 (June 15, 1983) (the burden is on the defendant to show problems with the clerk's consideration of the affidavit).

{¶19} As appellant points out, the deputy clerk before whom the officer signed the complaint was a police department secretary who had also been made a deputy clerk and thus was not independent. *See Shadwick*, 407 U.S. at 350-51. However, this clerk was not the clerk who issued the warrant.

{¶20} This clerk merely typed a complaint and signed that the officer swore to the complaint before her. She need merely have been authorized by law to administer oaths. *See* Crim.R. 3 (also providing that the complaint is a written statement of the essential facts constituting the offense charged, which shall state the numerical designation of the law violated). As the state points out, the clerk was in fact authorized to administer oaths. *See, e.g.,* R.C. 1907.20(A), (B) (clerk of county court has general power to administer oaths and take affidavits), (E)(1)-(2) (deputy clerk duties); R.C. 2303.05; R.C. 3.06(A) (deputy can perform duties of her principal).

{¶21} The arrest warrant was issued by another deputy clerk, who worked at the court and who was not shown to be affiliated in any way with law enforcement or the prosecution. As such, appellant did not establish that the clerk who issued the warrant was not independent. *See Shadwick*, 407 U.S. at 350-351.

{¶22} Contrary to another of appellant's arguments, an officer's statement that he intended his filing as an instruction rather than a request for a probable cause determination does not itself establish that a probable cause determination was not made by the deputy clerk at the court before the warrant was issued. And, there is no requirement that the warrant specifically recite that the issuing authority found probable cause. Moreover, appellant did not show that the clerk who issued the warrant lacked the capacity to determine probable cause for underage alcohol sales. *See id.* Appellant did not call the issuing clerk to testify, and as it was his burden to make these showings, he cannot now claim that the clerk did not know that she was to make a probable cause determination or that she did not know the definition of probable cause. *See id.*

{¶23} The real question here is whether the clerk could have found probable cause from the information submitted to her in the complaint unaccompanied by an affidavit.

{¶24} An officer who seeks to cause an arrest or prosecution may file with the reviewing official or the clerk of a court of record an affidavit charging the offense committed. R.C. 2935.09(C). Upon the filing of an affidavit or complaint charging a misdemeanor, the judge, clerk, or magistrate may issue an arrest warrant. R.C. 2935.10(A)-(B)(1). Within this same chapter, two statutes provide that an affidavit is sufficient if it is in the following form:

{¶25} "Before me, [clerk], personally came [complainant], who being duly sworn according to law deposes and says that on or about the day of __, __, at the county of ____ one [defendant] (here describe the offense as nearly according to the nature thereof as the case will admit, in ordinary concise language). * * * " R.C. 2935.17(A)(1). *See also* R.C. 2935.19.

{¶26} However, the Constitutions of the United States and the State of Ohio provide that *no warrants shall issue but upon probable cause, supported by oath or affirmation*. Fourth Amendment, United States Constitution; Section 14, Article I, Ohio Constitution. Additionally, Crim.R. 4 provides in pertinent part:

{¶27} "*If it appears from the complaint, or from an affidavit or affidavits filed with the complaint, that there is probable cause* to believe that an offense has been

committed, and that the defendant has committed it, a warrant for the arrest of the defendant, or a summons in lieu of a warrant, shall be issued by a judge, magistrate, clerk of court, or officer of the court designated by the judge, to any law enforcement officer authorized by law to execute or serve it.

{¶28} "The finding of probable cause may be based upon hearsay in whole or in part, provided there is a substantial basis for believing the source of the hearsay to be credible and for believing that there is a factual basis for the information furnished. * * *" (Emphasis added.) Crim.R. 4(A)(1).

{¶29} Where only a complaint is filed, as opposed to a complaint accompanied by an affidavit, the purpose of the complaint is to enable the issuing authority to determine whether the required probable cause to support a warrant exists in a particular case. *Giordenello v. U.S.*, 357 U.S. 480, 486, 78 S.Ct. 1245, 2 L.E.2d 1503 (1958). The issuing authority must judge for herself the persuasiveness of the facts relied upon by the officer-complainant to show probable cause. Id.

{¶30} *The authority issuing the warrant should not accept without question the complainant's mere conclusion that the person sought to be arrested committed the crime outlined.* *Id.* "The Fourth Amendment requires that magistrates determine probable cause for themselves and that they not rely on the conclusions of the police." *State v. Gill*, 49 Ohio St.2d 177, 360 N.E.2d 693 (1977) (now containing outdated informant reliability requirements), citing *Giordenello*, 357 U.S. at 486.

{¶31} In *Giordenello*, the complaint stated that the officer swore that on a specified date in a specified town the defendant "did receive, conceal, etc., narcotics drugs, to-wit: heroin hydrochloride with knowledge of unlawful importation" in violation of an enumerated statute. *Giordenello*, 357 U.S. at 481. This is similar to the contents of the complaint in the case before us. The United States Supreme Court held that the complaint did not provide any basis for the issuing authority to determine under Crim.R. 4 that probable cause existed, noting that the complaint contained no affirmative allegation that the affiant spoke with personal knowledge and did not indicate any sources for the complainant's belief. *Id.* at 486. The Court found that the deficiencies could not be cured by a presumption that the complaint was based upon personal knowledge, pointing out that testimony showed that the complainant had no

personal knowledge of the transaction. *Id.* The Court thus found the arrest warrant invalid. *Id.* at 487-488.

{¶32} An officer seeking an arrest warrant must establish his grounds for his belief that the defendant committed the crime, and where the belief is based upon someone witnessing the offense, the affidavit or complaint should establish who witnessed the offense. *See Jaben v. U.S.*, 381 U.S. 214, 223-224, 85 S.Ct. 1365, 14 L.Ed.2d 345 (1965) (distinguishing such case from a tax evasion case where there is no actual witness to the act). The complaint must provide a foundation for the issuing authority to make a judgment that a warrant is justified. *Id.* at 224.

{¶33} "Recital of some of the underlying circumstances in the affidavit is essential if the magistrate is to perform his detached function and not serve merely as a rubber stamp for the police." *U.S. v. Ventresca*, 380 U.S. 102, 109, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965). The complaint or affidavit in support thereof must provide the officer's answer to the question:

{¶34} "**What makes you think that the defendant committed the offense charged?**" (Emphasis added.) *Jaben*, 381 U.S. at 224.

{¶35} In yet another case, the complaint unaccompanied by an affidavit stated that the officer swore that on a particular date in a particular county, the defendants did "unlawfully break and enter a locked and sealed building" and described the building's location and ownership. *Whiteley v. Warden*, 401 U.S. 560, 563-564, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971). The Court found that this consisted "of nothing more than the complainant's conclusion that the individuals named therein perpetrated the offense described in the complaint." *Id.* at 565. The Court noted that the actual basis of the officer's conclusion was an informant's tip, but that fact, as well as every other operative fact dealing with probable cause, was omitted from the complaint. *Id.*

{¶36} The Court concluded that this complaint alone could not support an independent judgment of a disinterested magistrate that probable cause existed. *Id.* at 565, 568. The Court also pointed out that an insufficient affidavit cannot be rehabilitated by later testimony concerning information possessed by the affiant but not disclosed to the issuing authority in the sworn document. *Id.* at 565, fn. 8, 566. *See also State v. Graddy*, 55 Ohio St.2d 132, 134, 378 N.E.2d 723 (1978), fn.1. The

*Whitely* analysis on whether an officer has violated the Fourth Amendment remains valid. *See Arizona v. Evans*, 514 U.S. 1, 13, 115 S.Ct. 1185, 131 L.Ed. 34 (1995).

{¶37} Thus, a form complaint would be insufficient where it merely recites the elements without a disclosure regarding why it appears to the officer that the defendant performed those elements. *See Overton v. Ohio*, 534 U.S. 982, 122 S.Ct. 389, 151 L.Ed.2d 317 (2001) (Breyer, J., with three other justices concurring in a statement disagreeing with the Court's denial of certiorari in a case involving a form complaint used by the city of Toledo and announcing that they believe summary reversal was in order because the Court's position on the issue is clear).

{¶38} Abiding by this case law, the Second Appellate District of Ohio has dismissed a complaint after finding it insufficient to provide probable cause for an arrest warrant. *City of Centerville v. Reno*, 2d Dist. No. 19687, 2003-Ohio-3779, ¶ 25. In that case, the complaint stated the complainant swore that on a specified date at a specified address, the defendant did unlawfully violate a named zoning ordinance by engaging in a prohibited home occupation. *Id.* at ¶ 22-24. The Second District pointed out that the complaint failed to list the source of the information or otherwise state why the complainant thought the defendant committed the violation. Because it only listed the complainant's conclusion that the defendant had committed the zoning violation, the complaint was invalidated. *Id.* at ¶ 25, citing *City of Dayton v. Perkins*, 2d Dist. Nos. 7688, 7849 (Feb. 9, 1983). *See also State v. Rodriguez*, 64 Ohio App.3d 183, 187, 580 N.E.2d 1127 (6th Dist.1989) (finding no probable cause for warrant based upon a "bare-bones" affidavit containing only conclusion that crime was committed, noting that call to Crime Stoppers provided no basis for how informant knew about offense).

{¶39} Finally, we note that the Ohio Supreme Court has held that the issuing authority must look at the totality of the circumstances set forth *in the affidavit*, including the veracity and the basis of knowledge of those supplying hearsay. *State v. George*, 45 Ohio St.3d 325, 329, 544 N.E.2d 640 (1989), citing *Illinois v. Gates*, 462 U.S. 213, 238-239, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). *Otherwise, the determination of probable cause would be made by the officer-complainant rather than the constitutionally-required neutral and detached magistrate. Id. See also State v.*

*White-Barnes*, 4th Dist. No. 1841 (Dec. 8, 1992) ("Obviously, a complaint alleging an offense by stating the statutory language is not sufficient to serve as the *sole* basis for the issuance of an arrest warrant.")

{¶40} Here, the officer merely swore that the defendant committed the offense of selling alcohol to an underage person on a specified date at a specified location and named the type of beer. The officer did not state that he saw the offense being committed, which he did not. He did not disclose what the source of his belief was. For instance, he did not disclose that the underage person told him that he purchased the beer from the defendant. He did not point out that the underage person was a paid informant working for the police department. Nor did the officer state that he walked into the bar and found the beer bottle in front of the underage person or that the defendant was the only bartender if this were in fact the case.

{¶41} We did notice that a police report was filed on the same day as the complaint, and as we stated previously, hearsay can be used to support probable cause under Crim.R. 4(A)(1). However, the police report was not purported to have been signed under oath; nor was it referenced in the document that was signed under oath. Thus, it does not comply with Crim.R. 4(A)(1) or the Constitutions of the United States and Ohio and cannot serve as a source for evaluating probable cause.

{¶42} That is, *no warrant shall issue but upon probable cause supported by oath or affirmation.* Fourth Amendment, United States Constitution; Section 14, Article I, Ohio Constitution. The probable cause must be supported by oath or affirmation, not by unsworn documents. *See id.* *See also* Crim.R. 4(A)(1) ("If it appears from the complaint, or from an affidavit or affidavits filed with the complaint, that there is probable cause to believe that an offense has been committed, and that the defendant has committed it, a warrant for the arrest of the defendant, or a summons in lieu of a warrant, shall be issued * * *").

{¶43} As the Ohio Supreme Court holds, the issuing authority is to consider the totality of the circumstances "in the affidavit" in determining probable cause. *George*, 45 Ohio St.3d at 329. "Recital of some of the underlying circumstances *in the affidavit* is essential if the magistrate is to perform his detached function and not serve merely as a rubber stamp for the police." (Emphasis added). *Ventresca*, 380 U.S. at 109.

Thus, a police report filed but not signed under oath is not part of the probable cause equation. *See Tabasko v. Barton*, 472 F.2d 871, 874 (6th Cir.1972) (probable cause affidavits are not to be supplemented with unsworn statements). In any event, the state does not rely on the existence of the police report to establish that the clerk was presented with sufficient facts to show probable cause.

{¶44} In conclusion, the complaint unaccompanied by affidavit was not sufficient under Crim.R. 4, the Constitutions, or the above Supreme Court law to allow an issuing authority to independently find probable cause to believe that appellant sold beer to a minor. Rather, the complaint here contained a mere conclusion by the affiant that the defendant committed the offense described in the complaint. *See Whiteley*, 401 U.S. at 565.

{¶45} It is the issuing authority, not the officer-complainant, who is charged with determining probable cause for an arrest warrant. Ensuring this is possible does not require great effort by the police; it merely requires the addition to the complaint of why the officer believes the offender committed the offense or the attachment of an affidavit explaining this, or even the attachment of a police report that has been turned into an affidavit by being sworn by the officer as being his probable cause basis. This would allow an independent and detached determination from an affidavit that provides a "substantial basis" for finding probable cause. *See U.S. v. Leon*, 468 U.S. 897, 914, 104 S.Ct. 3405, 82 L.Ed.677 (1984). To the contrary, the complaint here could allow no more than a "rubber stamp" or ratification by the deputy clerk of the "bare bones" conclusion of the officer-complainant. As the arrest warrant was invalidly issued, the conviction is reversed, and the matter is remanded for proceedings wherein the trial court shall quash the arrest warrant.

{¶46} Appellant believes this is a jurisdictional issue requiring dismissal of the complaint. However, it is important to recognize here that the arrest warrant can be supported by a complaint *or by an affidavit attached to a complaint.* Crim.R. 4(A)(1). Our discussion above was on the sufficiency of the complaint to constitute probable cause for an arrest warrant. It was not relevant to a discussion of the sufficiency of the complaint to constitute a notice pleading. In other words, a complaint can be insufficient to constitute a probable cause affidavit but at the same time sufficient to

constitute the type of notice pleading contemplated by Crim.R. 3. In such case, there is not a lack of jurisdiction due to an invalid complaint but rather a lack of a valid arrest warrant.

**{¶47}** "The complaint is a written statement of the essential facts constituting the offense charged. It shall also state the numerical designation of the applicable statute or ordinance. It shall be made upon oath before any person authorized by law to administer oaths." Crim.R. 3. Here, the complaint has the essential facts constituting the elements of the offense charged and the numerical designation. Thus, unless there is an issue with the oath provision (which argument is rejected below), the complaint here satisfied Crim.R. 3 even if it was insufficient for the issuance of a warrant. *See State v. Mbodji*, 129 Ohio St.3d 325, 2011-Ohio-2880, 951 N.E.2d 1025, ¶ 13.

<u>ASSIGNMENT OF ERROR NUMBER THREE</u>

**{¶48}** Appellant's third assignment of error provides:

**{¶49}** "COURT LACKED JURISDICTION BECAUSE THE COMPLAINT IS NOT SIGNED UNDER OATH AND IS THEREFORE VOID."

**{¶50}** As aforementioned, Crim.R. 3 requires the complaint to have been made "upon oath" before a person authorized by law to administer oaths. The failure to satisfy Crim.R. 3 can be jurisdictional. *Mbodji*, 129 Ohio St.3d 325 at ¶ 12-13, 21. Thus, the failure of the complainant to make the complaint under oath before a person authorized by law to administer oaths raises a jurisdictional question. *Village of New Albany v. Dalton*, 104 Ohio App.3d 307, 311-312, 661 N.E.2d 1132 (10th Dist. 1995). *See also State v. Christian*, 7th Dist. No. 02 CA170, 2005-Ohio-2381, ¶ 9 (where we noted this authority).

**{¶51}** We reviewed above how the deputy clerk is a person authorized by law to administer oaths. *See* R.C. 1907.20(A), (B), (E)(1)-(2); R.C. 2303.07; R.C. 3.06(A). The question asked here is whether the officer made the complaint "upon oath" as required by Crim.R. 3. In answering this question, we review the pertinent facts. The complaint reads:

{¶52} "Before me, Teresa Drummond, deputy clerk of said county court personally came Sgt. Jordan Yacavone duly sworn according to law, deposes and says that [elements of offense]. * * * "

{¶53} After this deputy clerk typed the complaint for the officer, she asked him to look at it and make sure all the information was correct before they both signed it. (Tr. 58). The officer then signed the complaint in front of the deputy clerk. She then signed under, "Sworn to before me and subscribed before me * * *."

{¶54} The officer testified that at the time he signed the complaint, he was swearing to the truth of the matters asserted in the complaint and he understood that he signs complaints under oath before that deputy clerk. (Tr. 67). He was asked on cross-examination if the deputy clerk swore him in, and he answered in the negative. (Tr. 69). It is this answer upon which appellant's argument is based.

{¶55} However, appellant does not cite us to any requirement that the oath must be oral. In fact, according to statute, unless a relevant code section prescribes a particular form of oath, "a person may be sworn in any form the person deems binding on the person's conscience." R.C. 3.21. *See also* R.C. 3.20 (affirmation in lieu of oath).

{¶56} In a similar case, an affiant signed a statement that said it was duly sworn and the notary signed a typical jurat that the document was signed and subscribed before her. *Cincinnati Finance Co. v. First Discount Corp.* (1st Dist.1938), 59 Ohio App. 131, 132, 571 N.E.2d 470. Although no oath had been verbalized, the First District found that the document had been made under oath. *Id.* at 132-133. Specifically, the court stated:

{¶57} "We hold that where a person, for the purpose of taking an oath in compliance with law, knowingly signs a written statement of an oath before an officer authorized to administer an oath, the law is complied with as effectively as when he responds to an oral oath." *Id.*, citing 30 Ohio Jurisprudence, 448; 51 A.L.R. 836. *See also* 1 Ohio Jurisprudence 3d, Acknowledgements, Sec. 58 (2011).

{¶58} This court has stated that in such a situation, where the deputy clerk does not verbally administer an oath or affirmation but merely signs the jurat after the affiant, there is substantial compliance with the law concerning complaints being made

under oath where: the affiant has sworn out complaints in multiple cases before a deputy clerk in the past, the affiant testified that she knew she was swearing that the contents of the complaint were true, and the complaint has the standard language establishing that it is a sworn document. *In the Matter of Lewandowski*, 7th Dist. No.85-C-55 (Aug. 25, 1986). Thus, what matters is that the affiant signs a statement in front of the proper person wherein he states and he also knows that he is swearing to the allegations.

{¶59} Here, there was in fact an oral statement by the deputy clerk, who asked the officer to review the document to ensure its accuracy. Essentially, the officer responded by signing it in front of the deputy clerk. The written document states the officer is duly sworn and that he deposes and says that certain facts occurred. After the officer signed that document, the person authorized to administer oaths signed it after stating that the document was sworn to and subscribed before her. The officer specifically testified that he believed he was under oath and was swearing to the allegations in the complaint in the presence of the deputy clerk, who asked him if everything was accurate. This sufficiently satisfies Crim.R. 3's requirement that the complaint be made upon oath before a person authorized by law to administer oaths. As such, appellant's third assignment of error is overruled.

## CONCLUSION

{¶60} In conclusion, appellant's first and second assignments of error are sustained in part. There was no showing of probable cause in the complaint which was unaccompanied by affidavit. As such, the deputy clerk could not and did not make a probable cause determination from the complaint, and the arrest warrant was invalidly issued.

{¶61} For the foregoing reasons, appellant's conviction is reversed, and the matter is remanded for proceedings wherein the trial court shall quash the arrest warrant.

Waite, P.J., concurs.
DeGenaro, J., concurs.