[Cite as *State v. Allen*, 2013-Ohio-1673.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|                          |   |                               |
|--------------------------|---|-------------------------------|
| STATE OF OHIO,           | : | APPEAL NOS. C-120358          |
|                          |   | C-120359                      |
| Plaintiff-Appellee,      | : | TRIAL NOS. 12CRB-3182(A-B)    |
| vs.                      | : | *O P I N I O N.*              |
| KEITH ALLEN,             | : |                               |
| Defendant-Appellant.     | : |                               |

Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  April 26, 2013

*John Curp*, City Solicitor, *Charles Rubenstein*, City Prosecutor, and *Heidi Rosales*, Assistant City Prosecutor, for Plaintiff-Appellee.

*Tad Brittingham*, for Defendant-Appellant.

Please note:  this case has been removed from the accelerated calendar.

**DINKELACKER, Judge.**

{¶1}   Cincinnati police officer Patricia Simpson was working an undercover prostitution sting on February 3, 2012.  At the beginning of her shift, she signed several blank complaints that would later be completed by other officers.  She then stood on the street and attempted to engage "Johns" in illegal conduct.  Defendant-appellant Keith Allen approached Simpson, and a conversation ensued in which he indicated, through innuendo, that he wished to engage in sexual activity in exchange for illegal drugs.  After the conversation took place, Allen was arrested, and another officer completed the previously-signed complaint in the prisoner processing area.  Allen was charged with soliciting prostitution, in violation of R.C. 2907.24, and loitering to solicit prostitution, in violation of R.C. 2907.241.  Once evidence of Simpson's complaint-signing procedure was discovered at trial, Allen moved for dismissal of the charges for lack of subject-matter jurisdiction.  The motion was overruled.  Allen was convicted after a bench trial, and he has appealed.

{¶2}   In his first assignment of error, Allen claims that the trial court should have granted his motion to dismiss the charges.  Crim.R. 3, in pertinent part, states that a valid complaint must be made under oath before someone authorized by law to administer oaths.  A complaint must be valid in order for a court to obtain subject-matter jurisdiction.  *Columbus v. Jackson*, 93 Ohio App. 516, 114 N.E.2d 60  (10th Dist.1952).  If the complaint is not made under oath, then the court lacks subject-matter jurisdiction, and the resulting conviction is void.  *State v. Bess*, 1st Dist. No. C-110700, 2012-Ohio-3333.  Further, a motion to dismiss for lack of subject-matter jurisdiction can be made at any time.  *State v. Wilson*, 73 Ohio St.3d 40, 46, 652 N.E.2d 196 (1995).

{¶3}     The term "under oath" does not require an oral oath "where the complaint states that it is signed under oath." *State v. Jones*, 7th Dist. No. 11 MA 60, 2012-Ohio-1301, ¶ 5.  Rather, someone authorized to administer oaths can ask the officer to ensure the validity of its contents, witness the officer sign the complaint, and then personally sign the jurat portion.  *Id.*  In *Jones*, the court did not dismiss the complaint, holding that it was under oath because the officer reviewed it to make sure the portion that his secretary had completed was correct.  *Id.* at ¶ 12.

{¶4}     In this case, Simpson's complaint was not under oath because she did not swear to the contents of the complaint before signing it.  She signed and dated the complaint and then allowed another officer to fill in the facts under her signature.  Unlike the officer in *Jones*, Simpson did not verify the accuracy of the complaint before signing it.  Thus, the complaint did not meet the requirements of Crim.R. 3, and the trial court lacked subject-matter jurisdiction to hear the case.

{¶5}     The state argues that Allen's motion to dismiss was correctly overruled because it was a Crim.R. 12(C)(2) objection or defense based on defects in the institution of prosecution or complaints, which must be made in a pretrial motion or it is waived.  However, Crim.R. 12(C) states that such pretrial motions to dismiss should be made if they are "capable of determination without the trial of the general issue." Both parties admit that the complaint was facially valid.  As Allen asserts, asking officers if they *actually* swear to information contained in their complaints is unnecessary because officers are subject to the penalty of perjury for lying under oath.  Therefore, a pretrial motion to dismiss a facially valid complaint would be futile without further information obtained in trial or discovery that suggests the officer was not under oath.  Additionally, as noted above, a subject-matter challenge to the trial court's jurisdiction does not grow stale once trial commences.

{¶6} In conclusion, although Simpson's complaint was facially valid, information obtained on cross-examination revealed that the complaint was not valid because Simpson did not swear to the facts of the complaint when she signed and dated it. The trial court erred when it failed to grant Allen's motion to dismiss. We sustain his first assignment of error. As this determination resolves the matter, we need not address Allen's two remaining assignments of error—the sufficiency and weight of the evidence and the failure to allow additional witnesses—as they are moot.

{¶7} The judgment of the trial court is reversed, and the cause is remanded to the trial court with instructions to dismiss the charges against Allen.

Judgment reversed and cause remanded.

**HILDEBRANDT, P.J.**, and **CUNNINGHAM, J.**, concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.