# Commonwealth of Pennsylvania ex rel. E. Marie L. Thomas, Appellant, *v.* William H. M. Thomas.

*Criminal procedure — Affidavit to information — Proof of unsigned jurat—Evidence.*

It is error for the lower court to dismiss a petition for warrant of arrest charging nonsupport, on the ground that the information on which the warrant was based was not sworn to, where it appears that, although the jurat attached to information was unsigned, there was uncontradicted testimony, to the effect that the prosecutrix had sworn to the information before a notary public in the office of the district attorney, and that the notary public had failed to attest the affidavit.

In determination of questions preliminary to trial, the decision should be in accordance with the weight of the evidence. It is not required, in such cases, to produce evidence establishing the fact beyond all possible doubt.

Argued October 14, 1919. Appeal, No. 99, Oct. T., 1919, by Commonwealth, from judgment of Municipal Court of Philadelphia, Oct. T., 1914, No. 211, quashing warrant on rehearing sur charge of desertion and nonsupport, in case of Commonwealth ex rel. E. Marie L. Thomas v. William H. M. Thomas. Before ORLADY,

8    COM. OF PA. ex rel. THOMAS, Appel., *v.* THOMAS.

Statement of Facts—Opinion of the Court. [74 Pa. Superior Ct.
P. J., PORTER, HENDERSON, HEAD, TREXLER and KELLER,
JJ.  Reversed.

Arrest upon warrant charging desertion and nonsupport.  Before BROWN, J.

The opinion of the Superior Court states the case.

Proceedings dismissed, on motion, for defect in the information.

*Error assigned,* among others, was the ruling of the lower court that it was incumbent on the Commonwealth to prove conclusively that the information, upon which the warrant was issued, was sworn to.

*Samuel P. Rotan,* District Attorney, and with him, *Joseph H. Taulane,* Assistant District Attorney, for appellant.—The court below was under the erroneous belief that the Commonwealth had to show conclusively that the information was sworn to: 17 Cyc. 755; Hiester v. Laird 1 W. & S. 245; Young v. Edwards, 72 Pa. 257; Somerset Ins. Co. v. Usaw, 112 Pa. 80; Catasauqua Mfg. Co. v. Hopkins, 141 Pa. 30; Berkowitz v. Palrubo Mfg. Co., 68 Pa. Superior Ct. 559.

*William A. Gray,* for appellee.—Where a trial court has before it a question of fact for determination and makes a judicial finding thereon, its finding will not be disturbed, unless the finding can be said to be absolutely contrary to the facts: Piper's App., 20 Pa. 67; Feighan v. Sobers et al., 239 Pa. 284.

OPINION BY PORTER, J., February 28, 1920:

This is the second appeal from orders in this case made by the court below.  The defendant was arrested on a warrant issued upon a complaint by his wife, charging desertion and nonsupport and, after having given bail for his appearance, moved the court to quash the warrant and dismiss the proceeding, upon the grounds that the

warrant "was issued without probable cause supported by oath or affirmation." The record then disclosed that, although it was recited in the body of the complaint that the prosecutrix had been duly sworn according to law, the jurat had not been signed by any officer qualified to administer an oath. The Commonwealth offered to prove that the prosecutrix was sworn to the information by a notary public in the office of the district attorney and that the notary had failed to attest the affidavit. The court below overruled this offer, sustained the motion, quashed the warrant and dismissed the proceedings. The Commonwealth then took the appeal No. 297, October Term, 1917, to this court. We held that the attestation of the jurat by the proper officer was evidence that the oath had been taken, but it was not the only evidence by which the fact could be established. The opinion then filed by our Brother HENDERSON, citing Pottsville v. Curry, 32 Pa. 443, and Cusick's Election, 136 Pa. 459, so satisfactorily disposes of the main question that further discussion is unnecessary. The judgment was reversed and the record remitted to the court below. The Commonwealth produced witnesses who testified positively that the prosecutrix had been sworn to the complainant by Mr. Charles B. Watts, a notary public, who was employed in the office of the district attorney. The court below, after a hearing, made the following order, viz: "And now, to wit, November 1, 1918, the court, on consideration of the testimony in the above case, dismisses the petition because of the failure on the part of the prosecutrix to prove conclusively the execution of the affidavit upon which the warrant issued in the cause." The Commonwealth again appeals from that judgment.

The question upon which the court below was called to pass had no relation to the guilt or innocence of the defendant, its determination was a mere preliminary to the trial, to be determined from the weight of the evidence. The burden was upon the Commonwealth to produce evidence which, in the absence of contradiction, was rea-

10 COM. OF PA. ex rel. THOMAS, Appel., *v.* THOMAS.

Opinion of the Court. [74 Pa. Superior Ct.

sonably sufficient, if believed, to establish the fact. It was not required to produce evidence establishing the fact beyond all possible doubt. The learned judge of the court below was of opinion that the evidence must be such as to leave no doubt of the fact that the oath had been administered, for that is the meaning of the language which he used in his order; Hiester v. Laird, 1st W. & S. 245. This was error. The prosecutrix testified that she had been sworn to the complaint by Mr. Watts, who is upon all hands admitted to have been a notary public who was employed in the office of the district attorney and authorized to administer oaths. She described in detail the manner in which she was sworn and all that occurred at the time. Her counsel, a member of the Philadelphia bar, testified that he had a distinct personal recollection of the occurrence, that the prosecutrix was sworn to the complaint on the day of its date, that he had, himself, prepared the complaint, taking it with him when in company with the prosecutrix he went to the office of the district attorney, for the purpose of ascertaining whether the form was acceptable to the officers and in order that the prosecutrix might be sworn to it. If these witnesses told the truth the oath was certainly administered. The only attempt which the defendant. made at the hearing to throw doubt upon the veracity of these witnesses was by calling Charles B. Watts, the notary public. His testimony definitely established that he was, at the time, a notary public, authorized to administer oaths and was employed as clerk for the district attorney; that it was the custom for him to take the affidavits of parties who made complaints of this character, and that, while the complaints were generally prepared in the office of the district attorney, he would not hesitate to take an affidavit in case an attorney had prepared the complaint in proper form and brought it with the prosecutrix to the office. He testified that the office received hundreds of complaints of this character and that he could not have any recollection of this particular one;

that he had no recollection about this matter. He testified that he took all affidavits in cases of this character; that he kept no record of them, as a notary public, and that there was no record to show whether or not Mrs. Thomas made this affidavit before him as a notary public. He testified that they kept a book in the office of the district attorney in which all complaints that came in were entered; that he had given orders that all petitions or complaints must be entered upon the day in which they came in and that such was the custom of the office, but he distinctly testified that there was no record kept in the district attorney's office of the making of affidavits. The book in the district attorney's office in which complaints were entered was produced and it failed to show that any complaints were filed between the 22d and the 27th of October, 1914, but, according to that book, the complaint in this case would seem to have been filed on October 29, 1914. That the clerks who kept that book had here made a mistake was established beyond question by the record in this case, which shows that the complaint was filed on the 24th of October, 1914. The docket entries show that the warrant of arrest issued on October 26th, and the warrant upon its face bears date October 26, 1914. Mr. Watts testified that complaints of this character were taken from the district attorney's office to the municipal court, from which the warrants were issued. There can be, therefore, no doubt that this warrant passed through the district attorney's office and was filed in the municipal court, as shown by the record, on October 24th, the day upon which two witnesses testified it was sworn to before Mr. Watts. The sum total of the testimony of Mr. Watts amounts to no more than that he could not from his personal recollection say whether he had or had not administered the oath to the prosecutrix, and that there was no record from which he could ascertain that fact. His testimony cannot be said to be a contradiction of the positive statements of the two witnesses produced by the Commonwealth. The

12  COM. OF PA. ex rel. THOMAS, Appel., *v.* THOMAS.

Opinion of the Court.    [74 Pa. Superior Ct.

uncontradicted testimony was not improbable in itself, nor at variance with any proven or admitted facts, or contrary to the ordinary experience.

The judgment is reversed and the record is remitted to the court below for further proceedings.