## TAXIS v OAKWOOD (city)

Ohio Appeals, 2nd Dist, Montgomery Co

No 1301. Decided June 17, 1935

Gus W. Byttner, Dayton, for plaintiff in error.

Matthews & Matthews, Dayton, and Hugh Altick, Dayton, for defendant in error.

**500**

**OPINION**

By BARNES, PJ.

There is filed with the petition in error a document entitled bill of exceptions, but it is so meager that it lends no aid whatever to the controverted questions. It starts out on the first page with a recital that on August 7, 1934, counsel interposed an oral motion to quash affidavit and motion in arrest of judgment. Thereafter the entire purported bill contains argument of counsel and colloquy between the court and attorneys, which, of course, can not be considered in the nature of an agreed statement of facts or a narrative of any facts material to the issue other than what appears from the transcript of docket and journal entries and original papers.

The first seven grounds of error set out in the petition in error refer to the claimed insufficiency of the affidavit. It will not be necessary to discuss separately each of these seven specifications of error.

It is an elementary principle of law and needs no citation of authorities in its support, that no court has jurisdiction to try any one for a violation of law or ordinance, except on proper complaint duly filed. The following quotation taken from the opinion of Judge Allen in the case of **State v Lancer, 111 Oh St, 23, at page 26:**

"It should be borne in mind at the outset that the jurisdiction of one accused of an offense before a justice of the peace, mayor, or police judge can be acquired only upon the filing of an affidavit under the provisions of §13496, GC. The filing of the affidavit is prerequisite to the issuing of the warrant, and without the filing of a proper affidavit no jurisdiction is acquired."

As to what constitutes a proper complaint, depends upon the provisions of the Code.

In the Common Pleas Court the complaint must be either by affidavit or, if a misdemeanor, by information. In the Municipal Court of Dayton, the complaint must be by affidavit for violation of an ordinance.

The question for determination is whether or not the document upon which defendant was tried may properly be designated an affidavit. If so, neither of these seven grounds of claimed error would be not well taken; if not, the court would have no jurisdiction and the proceeding would be absolutely void.

The document purporting to be the affidavit, omitting the formal charge, reads as follows:

"The State of Ohio, Montgomery County, ss: The Municipal Court of the City of Oakwood, Ohio.

Before me, H. M. Estabrook, Clerk of said Municipal Court, personally came Sergeant Ernest Carter, who being duly sworn according to law, deposes and says that on or about the 22nd day of July 1934, at the County of Montgomery, in the City of Oakwood, one Richard Taxis of R. R. No. 7, Dorothy Lane, Dayton, Ohio, unlawfully (here follows the charge of reckless driving). (Signed) Ernest Carter. Sworn to and subscribed before me this 24th day of July 1934. H. M. Estabrook, Clerk."

While the name H. M. Estabrook is signed to the jurat at this time, it would appear from the entry of August 15 that his signature was not attached until that date.

In Ruling Case Law, Volume 1, page 769, under subject "Affidavits," §14, we find the following:

"The jurat is simply a certificate evidencing the fact that the affidavit was properly made before a duly authorized officer. Although it has been said that strictly speaking it is no part of the affidavit, but simply evidence that the latter has been duly sworn to by the affiant, common prudence would dictate that a properly executed jurat be attached to every affidavit. Its omission, however, in the absence of a statute to the contrary, is not fatal to the validity of an affidavit so long as it appears either from the rest of the instrument or from evidence aliunde that the affidavit was in fact duly sworn to before an authorized officer. This rule is based upon the principle that a party should not suffer by reason of the inadvertent omission of the officer to perform his duty. An affidavit thus defective merely by reason of the omission of the jurat may be amended nunc pro tunc upon proof of its authenticity; and while the better practice is to move thus to amend, failure to do so will not necessitate its exclusion. If, however, there is no proof from the rest of the affidavit or from evidence aliunde that it was in fact duly executed, it is null and void."

**Ohio Jurisprudence, Volume 1, under subject "Affidavits," at page 597, §5,** subheading "The Jurat", quoted with approval from the above principle announced in First Ruling Case Law, Page 769.

Also in case of James v Logan, 82 Kansas, 285-288, (108 Pacific, 81), (136 American S., 105), we find the following:

"If, therefore, the jurat be missing from an affidavit, if there be no proof on the face of the paper that an oath was duly administered the fact may be established by evidence aliunde. This rule is clearly just, because after a party has in fact made or procured to be made the necessary declaration under oath he should not be prejudiced and the proceeding ought not to fail in consequence of the officer's neglect to affix the jurat."

In the instant case it appears independent of any oral testimony from which the court based its journal entry of August 15, that Ernest Carter was sworn before H. M. Estabrook, Clerk of Court. The affidavit reads:

"Before me, H. M. Estabrook, Clerk of said Court, personally came Sergeant Ernest Carter, who being duly sworn, etc."

Counsel for defendant Taxis complains that the entry of August 15 was made without giving the defendant opportunity to be present and participate in the inquiry through which the court made its order. We agree that this would have been preferable procedure, but under the entire record we can not conclude that any substantial right of the defendant was interfered with. For defendant to have saved his question, it would be necessary for the record to show affirmatively that he sought to show that the document was not in fact sworn to.

We find no prejudicial error as claimed in the first seven specifications.

Specification 8 reads as follows:

"8. That a trial was had without plaintiff in error entering any plea."

This ground of error is answered by the record wherein it shows that the defendant did enter a plea of not guilty and at the same time waived trial by jury. In the brief of counsel for defendant Taxis the question is raised that the record fails to disclose that the affidavit was read to defendant. While this is proper procedure, it may be waived. Defendant's entering a plea of not guilty would waive the necessity of reading the affidavit.

Specification 9 reads as follows:

"9. The said court of the Municipal Court of Oakwood erred in finding this plaintiff in error guilty by preponderance of the evidence."

This claimed error is not exemplified under the record and hence can not be considered.

Specification 10, reads as follows:

"10. The said court of the Municipal Court of Oakwood erred in not having proper records made of the testimony given at the time of trial."

Counsel is evidently under a misapprehension as to the proper procedure to provide a transcript of the testimony. Courts of record are not required to provide official court reporters to take the evidence and other proceedings in the trial of any case. Where no such provision is made, the litigants must provide reporters if they desire a complete record of the evidence and proceedings. In most Common Pleas Courts of the state, official court reporters are provided by appointment of the judge or judges. However, in Cuyahoga County

official court reporters are not appointed and all litigants make their private arrangements for having cases reported when desired.

Specifications 11, 12 and 13 all go to the question of the weight of the evidence.

We do not have the evidence before us, and hence no consideration can be given to those specifications of error.

Specification 14, reads as follows:

"14. The said court of the Municipal Court of Oakwood erred in passing sentence by failing to ask plaintiff in error whether he had anything to say why judgment should not be pronounced against him."

We do not make any determination as to whether or not this is a requisite procedure in trials in Municipal Courts for violation of ordinances, but since the question is not controverted by the City Solicitor, we assume that the rule applies.

Sec 13451-1 GC, reads as follows:

"Before sentence is pronounced the defendant must be informed by the court of the verdict of the jury or the finding of the court, and asked whether he has anything to say why judgment should not be pronounced against him."

This section is the same as former §13694, GC. The Supreme Court, in the case of Silbey v State, 119 Oh St, 314, made the following pronouncement in the first syllabus:

"1. The requirements of §13694, GC, impose a mandatory duty upon a trial judge to ask an accused person whether he has anything to say why judgment should not be pronounced against him."

In the second syllabus it is provided that where no other error is found in the record the judgment should be reversed and the cause remanded to the trial court for the sole purpose of resentence.

In the instant case it does not appear that the court made such inquiry. Nor does it clearly or affirmatively appear that the court did not make such inquiry. In the case of Calandra v State, 32 Ohio Law Reporter, page 588, the court speaks as follows in the first syllabus:

"1. Where a bill of exceptions is meagre and the record which it contains relates largely to nonessentials and so far as appears the court followed the usual procedure and properly performed the duties imposed, it will be assumed by a reviewing court that the proceedings were in all respects in accordance with law and not open to exceptions."

The second syllabus is as follows:

"2. That the prisoner was asked whether he had anything to say why sentence should not be pronounced will in such a case be assumed, although it is a grave question whether it is incumbent upon a judge to make such an inquiry in the case of one who has entered a plea of guilty."

Also in the case of Bond v State, 23 Oh St, 349-350, we quote from Syllabus 7:

"7. Where the record does not show that the court, before passing sentence upon the defendant, informed him of the fact that the verdict of guilty had been found against him, as required by the Criminal Code (66 Ohio L., 313, §169), in the absence of a bill of exceptions showing the contrary, the fact that such information was so given will be presumed."

Also see Carper v State, 27 Oh St, 572-573, syllabus 4.

"4. Where the record does not show that after a plea of guilty, and before sentence, the court asked him if he had anything to say why judgment should not be pronounced against him as required by §169 of the Criminal Code, this court, in the absence of a bill of exceptions showing the contrary, will presume that such question was asked."

Finding no prejudicial error, the judgment of the lower court will be affirmed and the cause remanded for further proceedings according to law.

Costs will be adjudged against the plaintiff in error.

Exceptions will be allowed to plaintiff in error.

HORNBECK and BODEY, JJ, concur.