DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Valerie Hershey-Wokaly, appeals from her conviction in the Lorain County Court of Common Pleas which followed her plea of no contest. This Court affirms.
 I. {¶ 2} Appellant was indicted in Lorain, Ohio for perjury on June 10, 2003. The indictment stemmed from sworn statements Appellant made in Lorain County to investigators for the Ohio Equal Opportunity Employment Commission and sworn statements made by Appellant in Cuyahoga County in a subsequent deposition. Both of Appellant's statements were taken in connection with a complaint filed by another individual, Timothy Barton, against his former employer. The parties agree that the two sworn statements of Appellant were contradictory in material respects.
 {¶ 3} On April 7, 2004, Appellant moved to dismiss the indictment asserting that she should have been charged with falsification, a first degree misdemeanor, rather than perjury, a third degree felony, and that venue was improper in Lorain County. The trial court denied Appellant's motion on August 16, 2004. Following the denial of her motion to dismiss, Appellant pled no contest and was sentenced on February 3, 2005. Appellant timely appealed her conviction, raising one assignment of error for our review.
 II. ASSIGNMENT OF ERROR
"The trial committed prejudicial error by holding that lorain county is a proper venue for the prosecution of a perjury offense, the elements of which were committed in Cuyahoga County, when the offense was not part of a continuing course of criminal conduct."
 {¶ 4} In her sole assignment of error, Appellant argues that the trial court erred in failing to dismiss the indictment for lack of venue. We disagree.
 {¶ 5} The trial court denied Appellant's motion to dismiss finding that venue was proper in Lorain County. Appellant has asserted that this court's prior precedent compels an examination of venue on appeal despite the entry by Appellant of a no contest plea. See State v. Iarussi (Feb. 7, 2001), 9th Dist. Nos. 00CA007554 00CA007567. But, see also, State v. Simpson, 9th Dist. No. 21475, 2004-Ohio-602.
 {¶ 6} In Simpson, the defendant filed a pretrial motion to quash the indictment against him arguing that venue was not proper in Summit County. Id. at ¶ 70. Mr. Simpson argued that the allegations against him demonstrated that Portage County was the appropriate venue for his prosecution. Id. He, however, did not point to any evidence that the indictment was defective, a challenge that could have been raised pursuant to Crim.R. 12(C)(2). Id. at ¶ 73. As a result, this Court held that:
"[B]ecause venue, as a fact that must be proven beyond a reasonable doubt by the State, is an element that cannot be determined without a trial on the issue, a pretrial motion challenging venue is not appropriate. A defendant may only challenge venue prior to trial if it equates to an actual defect in the indictment — for example, if the indictment failed to allege venue." Simpson, at ¶ 73.
We went on to note that in cases where a defect in the indictment is not alleged, "a defendant may only raise the issue of improper venue at trial via a Crim.R. 29 motion for acquittal [.]" Id. at ¶ 74.
 {¶ 7} In contrast, this Court in Iarussi reversed a conviction for failure to prove venue despite the defendant's no contest plea. The facts in Iarussi, however, were different in material respects from those in Simpson. In Iarussi, the defendant was charged with sixty-two charges related to illegal gambling. Iarussi, supra, at 3. Mr. Iarussi pled no contest and signed a stipulated statement of facts which incorporated the indictment, the bill of particulars, and all discovery in the matter. Id. at 9. No allegation that any of the illegal gambling activities took place in Lorain County appeared in any of the information to which Mr. Iarussi stipulated. Id. As a result, the facts, as admitted by Mr. Iarussi's no contest plea, were not sufficient to establish venue beyond a reasonable doubt and his convictions were reversed. Id. at 10.
 {¶ 8} Appellant, in the instant matter, has not alleged that the indictment failed to allege venue, like the defendant inSimpson. Further, the indictment alleged as follows:
"that [Appellant], in the County of Lorain, unlawfully on or about February 10, 2000 through January 14, 2003, in any official proceeding, did knowingly make a false statement under oath or affirmation[.]"
Accordingly, the instant matter is analogous to Simpson
rather than Iarussi, as venue was properly alleged in the indictment. As such, Appellant's "plea of no contest disposes of this issue; it is an admission of the proper venue." (Citations omitted.) State v. Johnson (May 30, 2001), 9th Dist. No. 99CA007449, at 4. Appellant's sole assignment of error is overruled.
 III. {¶ 9} Appellant's sole assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas if affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J., Carr, J., Concur.