[Cite as *State v. Davies*, 2013-Ohio-436.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2012-A-0034** |
| ROBERT R. DAVIES, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court, Western District, Case No. 2000 CRB 00167W.

Judgment: Reversed and remanded.

*Thomas L. Sartini*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson, OH 44047-1092 (For Plaintiff-Appellee).

*Robert R. Davies*, pro se, 7455 Harmon Road, Conneaut, OH 44030 (Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} This appeal is from a final order of the Ashtabula County Court, Western District. Appellant, Robert R. Davies, seeks reversal of the trial court's determination to deny his motion to vacate his underlying criminal conviction on the basis of a lack of subject matter jurisdiction. Specifically, he asserts that the trial court should have found that its jurisdiction was never properly invoked by the state at the outset of the case.

{¶2} In April 2000, the underlying action was commenced through the filing of

four criminal complaints against appellant. In two of these complaints, he was charged with contributing to the unruliness or delinquency of a child. In the other two complaints, he was charged with obstructing official business and falsification.

{¶3} After appellant made his initial appearance before the trial court, the state dismissed the two "contributing" charges in this case and a charge of gross sexual imposition in a separate criminal proceeding. Four days later, the state submitted a new complaint against appellant, charging him with sexual imposition, a misdemeanor of the third degree under R.C. 2907.06. This new complaint was signed by a police officer of the Orwell Police Department.

{¶4} On the same date the new complaint was filed, appellant agreed to enter a plea of guilty to the charge of sexual imposition. As part of the plea bargain, the state agreed to dismiss the other two charges of obstructing official business and falsification. Upon accepting the guilty plea, the trial court sentenced appellant to sixty days in jail, but then suspended fifty days of the term and placed him on probation. The court also imposed a fine of $50, plus court costs.

{¶5} Approximately eleven years after the imposition of his sentence, appellant submitted a series of three motions in which he challenged the validity of his conviction. In his first two submissions, he moved the trial court to permit him to withdraw his guilty plea on various grounds. In both instances, the trial court overruled the motions on the basis that appellant failed to demonstrate that any manifest injustice had occurred in the case. Appellant did not pursue any appeals from these judgments.

{¶6} In April 2012, appellant filed his motion to vacate his conviction for lack of subject matter jurisdiction. Essentially, he argued that the state failed to properly invoke the trial court's jurisdiction over his case because none of the six complaints against him

2

complied with the requirements of Crim.R. 3. As to the "sexual imposition" complaint, he primarily asserted that the jurat of the complaint was invalid because a deputy clerk of courts had forged the signature of the trial judge.

{¶7} After the state was afforded an opportunity to respond to the new motion, the trial court rendered its final judgment overruling the request to vacate the underlying conviction. As the basis for its decision, the trial court first concluded that the motion to vacate was actually a petition for post-conviction relief under R.C. 2953.21. Based upon this, the court held that appellant's request for relief had not filed in a timely manner. In addition, the trial court expressly held that appellant failed to allege any substantive grounds which would warrant the vacation of his conviction.

{¶8} In appealing the foregoing decision to this court, appellant has asserted the following as his sole assignment of error:

{¶9} "The trial court denied Defendant-Appellant's post-conviction relief petition as being filed untimely and for not even alleging a substantive ground for relief. However, there is no time bar for relief based on the trial court's lack of subject matter jurisdiction where the criminal complaints were not sworn to or subscribed before the Judge as purported, unlawfully signed in the Judge's name by numerous Deputy Clerks * * *."

{¶10} As the wording of the truncated assignment indicates, appellant seeks to contest both aspects of the trial court's determination. First, he maintains that the time limits for a petition for post-conviction relief were not applicable to his motion because he was asserting a challenge to the trial court's basic jurisdiction over the proceeding.

{¶11} A review of the trial record does demonstrate that, in the text of his third post-judgment submission to the trial court, appellant referred to that submission as a

3

petition for post-conviction relief under R.C. 2953.21. Nevertheless, in the caption of his submission, he labeled the document as a motion to vacate a void judgment for lack of subject matter jurisdiction. More importantly, the substance of the arguments in the text of the motion shows that appellant was raising a jurisdictional question; i.e., he contended that none of the complaints against him were valid because they did not satisfy the requirements of Crim.R. 3.

{¶12} Under Ohio law, the state's submission of a valid criminal complaint is a necessary prerequisite for invoking the subject matter jurisdiction of a trial court. *Village of New Albany v. Dalton*, 104 Ohio App.3d 307, 311 (10th Dist.1995). If the state files an invalid complaint, there exists a jurisdictional defect which cannot be waived by the criminal defendant. *Id.* In other words, "the issue of subject-matter jurisdiction cannot be waived or forfeited and can be raised at any time." *State v. Bess*, 5th Dist. No. C-110700, 2012-Ohio-3333, ¶9.

{¶13} Given the nature of the specific arguments appellant raised in his motion to vacate, the statutory time requirements for a post-conviction petition were inapplicable. That is, since his motion raised an issue of subject matter jurisdiction, it could be asserted at any time. Thus, appellant's motion to vacate could not be denied solely on the basis that it was untimely.

{¶14} As noted above, the trial court also predicated its ruling upon the holding that appellant had failed to state any viable grounds for vacating his prior conviction. In also contesting this aspect of the appealed judgment, appellant has essentially restated his arguments concerning whether the state complied with the requirements for a valid criminal complaint under Crim.R. 3.

{¶15} Appellant's brief raises issues regarding the validity of each of the five

4

complaints filed against him in the underlying case. However, there is no dispute that the four original complaints against him were dismissed, and that his conviction was based solely upon the charge of sexual imposition. Since any error in the other four complaints would not have affected the trial court's jurisdiction in regard to the "sexual imposition" complaint, the scope of our legal analysis will limited to that particular complaint.

{¶16} "Crim.R. 3 expressly requires (1) 'a written statement of the essential facts constituting the offense charged'; (2) 'the numerical designation of the applicable statute or ordinance'; and (3) that the complaint 'be made under oath before any person authorized by law to administer oaths.'" *Bess*, 2012-Ohio-3333, at ¶6.

{¶17} According to appellant, the third requirement for a valid complaint was not met in this instance. Specifically, he submits that the deputy clerk of courts exceeded her authority in attesting to the statements made by the police officer. While admitting that a deputy clerk generally has the authority to administer an oath, appellant contends that, in writing upon the "sexual imposition" complaint, the deputy clerk in this case was not attempting to indicate that she had administered the oath, but instead was trying to state that the trial judge had administered the oath. To this extent, appellant maintains that the deputy clerk tried to forge the trial judge's signature.

{¶18} The first paragraph of the "sexual imposition" complaint provides as follows:

{¶19} "BEFORE ME, Richard L. Stevens, Judge of the County Court, in and for [Ashtabula] County, personally came *[Officer] William Roskos*, ORWELL POLICE DEPARTMENT, who being duly sworn according to law, DEPOSETH AND SAITH, that on or about the 2nd day of April, 2000, A.D. in the County of Ashtabula and State of

5

Ohio, One Robert R. Davies * * *."

{¶20} The remaining section of the complaint's first paragraph sets forth information regarding appellant, including his date of birth, social security number, and address. The second paragraph then delineates the elements of the charged offense and the governing Revised Code section. Immediately after the second paragraph, the complaint is signed by Officer Roskos.

{¶21} The bottom of the complaint contains a jurat, composed of the following sentence: "SWORN TO AND SUBSCRIBED BEFORE ME, THIS 11TH DAY OF *APRIL*, A.D. 2000." The jurat also has a signature line, below which the following phrase was typed: "Judge County Court of Ashtabula County, Ohio." In this instance, the following phrase was printed in handwriting on the signature line: "Richard L. Stevens, Judge, by Erin Cook, Deputy Clerk."

{¶22} As a general proposition, the clerk of a county court, or the deputies of the clerk, has the authority to administer oaths or take affidavits. *See State v. Jones*, 7th Dist. No. 11 MA 60, 2012-Ohio-1301, ¶20, citing R.C. 1907.20(E) and 3.06(B). However, on its face, the specific wording of the complaint against appellant does not support the conclusion that the deputy clerk, Erin Cook, was the person who administered the oath to Officer Roskos. That is, the first sentence of the complaint expressly states that the officer came "before" the trial judge himself and was duly sworn. To this extent, the complaint indicates that the deputy clerk was executing the jurat on behalf of the trial judge.

{¶23} We know of no authority permitting the one who administers the oath to delegate to another the authority to sign on his or her behalf. Moreover, absent physical infirmity, the one administering the oath should sign on his or her own behalf to ensure

the integrity of the oath requirement.

{¶24} Crim.R. 3 does not contain any express reference to the presence of a jurat in a complaint; instead, as to the "oath" requirement, the rule only states that the complaint must be made under oath before a person who has the power to administer the necessary oath. As a general proposition, a jurat is merely a certificate which is intended to establish that the oath was duly administered by a duly authorized individual. *See Taxis v. Oakwood*, 19 Ohio L.Abs. 498, 1935 Ohio App. LEXIS 568, *9-10 (2nd Dist.1935); *Warren v. State*, 35 Okla. Crim. 430, 251 P. 101, 102 (1926).

{¶25} "In the ordinary case the fact that the complaint is under oath is shown by the signature of the officer administering the oath." *People v. Brussel*, 122 Cal. App. Supp. 785, 788 (1932). Thus, the signature of the person applying the oath is a critical aspect of the jurat. Regarding this point, this court would note that the primary words in the disputed jurat in our case, i.e., "sworn to and subscribed before me," were basically duplicative of language in the first paragraph of the complaint, where it states that Officer Roskos came before Judge Stevens and was duly sworn. For this reason, regardless of any other flaw in the jurat, the validity of the "sexual imposition" complaint can be upheld if there is proper verification that the oath was administered by Judge Stevens or another authorized to administer oaths.

{¶26} Notwithstanding the fact that the signature is usually dispositive of the "verification" issue, it has been held that the lack of the signature, or the total omission of the jurat, will not render the complaint void under all circumstances. *Taxis*, 1935 Ohio App. LEXIS 568, at *9-10; *Brussel*, 122 Cal. App. Supp. at 789; *Commonwealth ex rel. Thomas v. Thomas*, 74 Pa. Super. 7, 1920 Pa. Super. LEXIS 79, *9 (Feb. 28, 1920). Instead, the validity of the complaint can still be upheld if the prosecution can otherwise

7

show, based upon other language in the document or evidence outside the record, that a proper oath was administered by a person duly authorized to take the oath. *Id.*

{¶27} In this case, the trial court never discussed the merits of appellant's argument concerning the legal propriety of the deputy clerk's writing on the jurat's signature line. Rather, the trial court only stated that appellant failed to assert any substantive grounds warranting the vacation of the conviction. As a result, the trial record does not contain any factual findings as to who, if anyone, administered the oath to Officer Roskos. For this reason, the judgment of the trial court is reversed.

{¶28} If evidence outside the record shows that Judge Stevens actually administered the oath despite not personally signing, or someone else authorized to administer an oath actually did so, the complaint would not be defective and the conviction would not be void. Accordingly, this case is reversed and remanded for a hearing as to whether the complaint was sworn by Officer Roskos in the presence of someone authorized to administer an oath.

{¶29} As a separate challenge to the "sexual imposition" complaint, appellant contends that the record demonstrates that the Officer Roskos did not execute the complaint in the presence of Judge Stevens or someone else authorized to administer oaths because the complaint shows that it was faxed from the county prosecutor's office to the clerk's office. Based upon this, appellant claims that the officer signed the complaint at the prosecutor's office, not in the presence of one authorized to administer an oath.

{¶30} As to this point, appellant has failed to demonstrate error. Although the complaint itself was faxed, it is pure speculation that Officer Roskos signed the complaint at the prosecutor's office before it was faxed to the court. Nevertheless, in

light of the fact that Officer Roskos' signature is in black and this court cannot discern where he signed the complaint, and more importantly, if he signed or attested to his signature in the presence of one authorized to administer an oath, this issue can also be addressed on remand at the evidentiary hearing.

{¶31} Appellant's assignment of error has merit to the extent that an evidentiary hearing is required to address the issues previously discussed. Therefore, it is the order of the court that the judgment of the Ashtabula County Court, Western District, is reversed, and the case is hereby remanded so that an evidentiary hearing can be held on the issue of whether the "sexual imposition" complaint was worn under oath by Officer Roskos in the presence of one authorized to administer oaths.

DIANE V. GRENDELL, J.,

MARY JANE TRAPP, J.,

concur.

9