[Cite as *Ashtabula v. Jones*, 2017-Ohio-1103.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| CITY OF ASHTABULA, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-A-0053** |
| ROBERT A. JONES, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula Municipal Court, Case No. 2016 CRB 00229.

Judgment: Affirmed.

*Michael Franklin,* Ashtabula City Solicitor, and *Lori B. Lamer,* Assistant Ashtabula City Solicitor, Ashtabula Municipal Court, 110 West 44th Street, Ashtabula, OH 44004 (For Plaintiff-Appellee).

*Robert A. Jones,* pro se, 5520 Nathan Avenue, Ashtabula, OH 44004 (Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, Robert A. Jones, appeals his conviction for Criminal Trespass in the Ashtabula Municipal Court. The issues before this court are: whether a court magistrate serving as acting judge may accept a defendant's no contest plea; whether the dismissal of a defendant's pro se motions at the request of appointed counsel renders a subsequent no contest plea invalid; whether a municipal court is required to obtain a written waiver of a defendant's right to a jury trial prior to accepting a no contest plea in a misdemeanor prosecution; whether a defendant may move to

dismiss for violation of his speedy trial rights after executing a written waiver of those rights; whether a complaint which, on its face, states the essential elements of the crime charged, cites the appropriate municipal ordinance, and was made under oath properly invokes the municipal court's jurisdiction; and whether a defendant receives ineffective assistance of trial counsel where counsel fails to reassert pro se arguments raised by the defendant, despite their lack of merit. For the following reasons, the judgment of the lower court is affirmed.

{¶2} On February 8, 2016, a Complaint · Affidavit · Summons[1] was filed in the Ashtabula Municipal Court, charging Jones with Criminal Trespass, a misdemeanor of the fourth degree in violation of Ashtabula Codified Ordinance 541.05(a)(1) ("[n]o person, without privilege to do so, shall * * * [k]nowingly enter or remain on the land or premises of another").

{¶3} On February 16, 2016, Jones appeared for arraignment. He entered a plea of not guilty, requested the appointment of counsel, and executed a written waiver of his speedy trial rights.

{¶4} On March 28, 2016, Jones filed, pro se, a Written Demand for Discovery, a Written Demand for Jury Trial, a Motion to Dismiss for Lack of Due Process, a Motion to Dismiss for Lack of a Speedy Trial, and a Motion to Dismiss for Lack of Subject Matter Jurisdiction.

{¶5} On April 5, 2016, a pretrial was held. Jones was advised that Attorney Rebecca Risley had been appointed to represent him and asked how he wished to proceed. Jones indicated he would accept appointed counsel to represent him.

---

1. The Complaint · Affidavit · Summons is a single document. The copy issued to Jones serves as the summons whereas the copy filed with the clerk of courts serves as the complaint. It will be variously referred to as the Complaint · Affidavit · Summons or simply the Complaint.

Attorney Risley moved the court to strike Jones' pro se filings. Jones indicated that he would defer to Attorney Risley's representation. Jones' pro se filings were stricken from the record.

{¶6} On August 23, 2016, Jones tendered a plea of no contest and waived the presentation of evidence. The municipal court, presided over by Acting Judge David Sheldon, made a finding of guilty and sentenced Jones to pay a fine of fifty dollars.

{¶7} On September 6, 2016, Jones filed a Notice of Appeal. On appeal, Jones raises the following assignments of error:

{¶8} "[1.] The court magistrate lacked authority to conduct the plea/sentencing hearing, and lacked subject-matter jurisdiction to render final judgment in violation of Criminal Rule 19, Amendments V and XIV of the United States Constitution, and Article I, § 16 of the Ohio Constitution."

{¶9} "[2.] Defendant-appellant's consent to strike his pro se motions from the record so court-appointed counsel could file the motions was not knowingly made and was procured through deception, in violation of Amendments V and XIV of the United States Constitution, and Article I, § 16 of the Ohio Constitution."

{¶10} "[3.] The municipal court judge committed prejudicial error in denying defendant-appellant's written demand for a trial by jury without a written waiver, in violation of Amendments V and XIV of the United States Constitution, and Article I, § 5 and § 16 of the Ohio Constitution."

{¶11} "[4.] The municipal court judge committed prejudicial error in denying defendant-appellant's motion to dismiss on speedy trial grounds or to revoke his speedy trial waiver, in violation of Amendments VI and XIV of the United States Constitution, and Article I, § 10 and § 16 of the Ohio Constitution."

3

{¶12} "[5.] The municipal court judge committed prejudicial error in denying defendant-appellant's motion to dismiss for lack of subject-matter jurisdiction, in violation of Amendments V and XIV of the United States Constitution, and Article I, § 16 of the Ohio Constitution."

{¶13} "[6.] Defendant-appellant was constructively denied counsel, in violation of Amendments V and XIV of the United States Constitution."

{¶14} Under the first assignment of error, Jones argues that court magistrate, David Sheldon, lacked the authority to accept his plea and impose sentence because the case was never referred to a magistrate pursuant to Local Rule 6.

{¶15} Although Sheldon's position with the Ashtabula Municipal Court is that of magistrate, at the time of Jones' plea and sentencing he was functioning as Acting Judge in the absence of Judge Laura DiGiacomo. By Journal Entry dated August 15, 2016, Judge DiGiacomo "appoint[ed] David Sheldon Acting Judge of said Ashtabula Municipal Court for the period of August 22, 2016, through August 26, 2016." *See* R.C. 1901.121(A)(2)(a) ("[i]f a judge of a municipal court that consists of only one judge is * * * temporarily absent * * *, the judge may * * * [a]ppoint a substitute * * * [who] shall be styled 'acting judge' and shall temporarily serve on the court during the temporary absence of the incumbent judge").

{¶16} Since Sheldon was not acting in his capacity as magistrate at the time of Jones' plea and sentencing, referral pursuant to Local Rule 6 was unnecessary.

{¶17} The first assignment of error is without merit.

{¶18} In his second assignment of error, Jones maintains that his consent to dismiss his pro se motions was procured by deception. "Judge DiGiacomo procured Mr. Jones' consent to strike his pro se motions on the basis that it's his attorney's job to

4

file those motions, and leading him to believe that Rebecca Risley would actually re-file them * * *." Appellant's brief at 11.

{¶19} Jones further maintains that Judge DiGiacomo and Risley had engaged in plea negotiations before he was even aware that Risley would be representing him. "The meeting [between Judge DiGiacomo and Risley] occurred in a closed room down the hall from the courtroom, and does not appear in the record, as it was not recorded * * *, but Mr. Jones' mother, uncle, and grandfather were involved in, and witnesses to, these discussions." Appellant's brief at 10.

{¶20} Assuming, arguendo, that Jones' dehors-the-record allegations have merit, there has been no infringement of his constitutional rights. The municipal court struck Jones' pro se motions at the April 5, 2016 pretrial. When Jones entered his plea four months later, he was aware that the motions had not been re-filed and would have been aware of any negotiations that occurred between Judge DiGiacomo and Risley. Despite this, Jones voluntarily entered a no contest plea. At that time the court inquired of Jones: "You've had Ms. Risley as your attorney, are you satisfied with her, so far?" Jones responded: "Yeah."

{¶21} "Generally, the failure to object waives the error and requires the aggrieved party to demonstrate prejudice." *State v. Johnson*, 112 Ohio St.3d 210, 2006-Ohio-6404, 858 N.E.2d 1144, ¶ 244. Similarly, the Ohio Supreme Court has held that judge participation in plea negotiations does not per se render a plea invalid unless "the judge's intervention affected the voluntariness of the defendant's guilty plea." *State v. Byrd*, 63 Ohio St.2d 288, 293, 407 N.E.2d 1384 (1980).

{¶22} Jones has made no showing of prejudice or that the alleged plea negotiations influenced his decision to plead no contest.

5

{¶23} The second assignment of error is without merit.

{¶24} In the third assignment of error, Jones argues that the municipal court erred by accepting his "no contest" plea without first obtaining a written waiver of his right to a jury trial.

{¶25} "In petty offense cases, where there is a right of jury trial, the defendant shall be tried by the court unless he demands a jury trial." Crim.R. 23(A). "[T]he defendant may waive a trial by jury and be tried by the court without a jury," however, the waiver "shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof." R.C. 2945.05.

{¶26} Having pled not guilty and filed a demand for a jury trial, Jones maintains the municipal court was required to obtain a written waiver of the same before it could accept his no contest plea. *Lima v. Rambo*, 113 Ohio App. 158, 177 N.E.2d 554 (3d Dist.1960) ("[w]here a defendant in a criminal case in the Municipal Court has a right to trial by jury and pleads not guilty and demands a jury trial * * *, such court has no jurisdiction to proceed to trial without a jury unless such defe[n]dant waives such right to a trial by jury in the manner provided by Section 2945.05, Revised Code"). We disagree.

{¶27} The Ohio Supreme Court has held: "The provisions of Section 2945.05, Revised Code, requiring the filing of a written waiver of a trial by jury are not applicable where a plea of guilty is entered by an accused. The failure in such an instance to file a waiver does not deprive an accused of any of his constitutional rights nor does it deprive the court of its jurisdiction." *Martin v. Maxwell*, 175 Ohio St. 147, 191 N.E.2d 838 (1963); *State ex rel. Stern v. Mascio*, 75 Ohio St.3d 422, 424, 662 N.E.2d 370 (1996)

6

("[t]he guilty or no contest plea also effects a waiver of the defendant's rights to jury trial").

{¶28} Accordingly, Ohio appellate courts have often held that a court may accept a plea of guilty or no contest without obtaining the written waiver mandated by R.C. 2945.05. "[T]he guilty plea itself waives a trial, thereby obviating the need for a written waiver as contemplated by R.C. 2945.05." (Citation omitted.) *Cleveland Heights v. Brisbane*, 2016-Ohio-4564, 70 N.E.3d 52 ¶ 45 (8th Dist.); *State v. Rice*, 5th Dist. Stark No. 2013CA00197, 2014-Ohio-3487, ¶ 29; *Fairfield v. Hamilton*, 12th Dist. Butler No. CA2009-06-171, 2009-Ohio-6551, ¶ 6 ("Ohio courts have consistently recognized that the entry of a plea of guilty by an accused constitutes a waiver of a jury trial and, as a result, the mandates of R.C. 2945.05 are no longer applicable"); *State v. Keiffer*, 4th Dist. Athens No. 97 CA 23, 1997 WL 776349, 4 (Dec. 8, 1997) ("a trial court's failure to obtain a written waiver of a jury demand is not reversible error when the defendant has pled no contest"); *but see State v. Fish*, 104 Ohio App.3d 236, 239, 661 N.E.2d 788 (1st Dist.1995) ("once the defendant has properly demanded a jury trial in a petty case, the court simply cannot proceed to trial, or even to a finding of guilty after a no-contest plea, without a written jury waiver, signed by the defendant and made part of the record").

{¶29} The third assignment of error is without merit.

{¶30} In the fourth assignment of error, Jones contends the municipal court erred "in denying [his] motion to dismiss on speedy trial grounds * * * or revoke his speedy trial waiver * * * in an attempt to coerce a guilty plea." Appellant's brief at 16.

{¶31} "It is well-settled law that an accused may waive his constitutional right to a speedy trial provided that such a waiver is knowingly and voluntarily made." *State v. King*, 70 Ohio St.3d 158, 160, 637 N.E.2d 903 (1994). "Following an express, written

7

waiver of unlimited duration by an accused of his right to a speedy trial, the accused is not entitled to a discharge for delay in bringing him to trial unless the accused files a formal written objection and demand for trial, following which the state must bring the accused to trial within a reasonable time." *State v. O'Brien*, 34 Ohio St.3d 7, 516 N.E.2d 218 (1987), paragraph two of the syllabus.

**{¶32}** Preliminarily, we note that Jones' pro se Motion to Dismiss for Lack of a Speedy Trial was withdrawn upon the oral motion of Attorney Risley and with Jones' consent at the April 5, 2016 pretrial. The Motion was not renewed and the issue was not raised at the time Jones entered his no contest plea. *Compare Montpelier v. Greeno*, 25 Ohio St.3d 170, 171, fn. 2, 495 N.E.2d 581 (1986) ("a defendant, whose pretrial motion to dismiss for failure to bring him to trial within the time frame of R.C. 2945.71 was overruled by the trial court, may preserve the speedy trial issue on appeal by pleading no contest pursuant to a negotiated plea agreement").

**{¶33}** At Jones' February 16, 2016 initial appearance for arraignment, the municipal court explained:

> You have the right to, what's known as a speedy trial, meaning the State has so many days in which to try the case. However, if you wish to see if the case can be resolved before going to trial, you can sign a waiver of your speedy trial rights and the matter will be set for pretrial. A pretrial will give you an opportunity for your attorney or you to meet with the prosecutor in the case and see if it can be resolved.

**{¶34}** The municipal court addressed Jones directly and inquired whether he would "like an immediate trial or * * * a pretrial." Jones indicated, "pretrial." Thereupon,

the court accepted Jones' "waiver of speedy trial rights" on the record. Additionally, Jones signed the following written document:

> I fully understand that my request [for a pretrial] may result in an extension of time beyond that provided for under O.R.C. 2945.71. I further acknowledge and waive my rights pursuant to O.R.C. 2945.71, 2945.72, and 2945.73, as well as the Federal and State Constitutional speedy trial provisions.

**{¶35}** Jones validly waived his speedy trial rights and raised no objection to the proceedings beyond the forty-five day period provided for in R.C. 2945.71(B)(1).

**{¶36}** The fourth assignment of error is without merit.

**{¶37}** In the fifth assignment of error, Jones argues the municipal court lacked subject-matter jurisdiction.

**{¶38}** "Municipal courts are created by statute, R.C. 1901.01, and their subject-matter jurisdiction is also set by statute." *State v. Mbodji*, 129 Ohio St.3d 325, 2011-Ohio-2880, 951 N.E.2d 1025, ¶ 11. "The municipal court has jurisdiction to hear misdemeanor cases committed within its territory and has jurisdiction over the violation of any ordinance of any municipal corporation within its territory * * *." R.C. 1901.20(A)(1). "In a criminal case or proceeding, the practice, procedure, and mode of bringing and conducting prosecutions for offenses shall be as provided in the Criminal Rules * * *." R.C. 1901.21(A).

**{¶39}** "A misdemeanor may be prosecuted * * * by complaint * * * in courts inferior to the court of common pleas." Crim.R. 7(A); *Mbodji* at ¶ 12 ("[t]he filing of a complaint invokes the jurisdiction of the municipal court"). "The complaint is a written statement of the essential facts constituting the offense charged. It shall also state the

9

numerical designation of the applicable statute or ordinance. It shall be made upon oath before any person authorized by law to administer oaths." Crim.R. 3.

**{¶40}** This court has held that, for a complaint to be valid under Crim.R. 3: "[f]irst, the complaint must set forth a written statement of the facts that constitute the essential elements of the offense charged[;] * * * [t]he second requirement is that the complaint must state the numerical designation of the Revised Code section or municipal ordinance which the defendant allegedly violated[;] * * * the third requirement is that the complaint must be made under oath before any person authorized by law to administer oaths." *State v. Patterson*, 11th Dist. Trumbull No. 96-T-5439, 1998 WL 310737, 3 (May 22, 1998).

**{¶41}** Jones challenges the Complaint · Affidavit · Summons initiating his prosecution in several respects.

**{¶42}** Jones claims the Complaint failed to allege that the offense occurred within the jurisdiction of the municipal court, since it identified the location of the offense as "YG.0.8 NS Railroad" in the City of Ashtabula. "By using GPS coordinate of YG.0.8, rather than an actual, physical address or identifiable location, the citation failed to allege that the offense occurred within the jurisdiction of the Ashtabula Municipal Court." Appellant's brief at 18. We disagree.

**{¶43}** The Complaint properly establishes the jurisdiction of the municipal court by alleging that the offense occurred in the City of Ashtabula. *Compare State v. Rode*, 11th Dist. Portage No. 2010-P-0015, 2011-Ohio-2455, ¶ 20 (citation "alleg[ing] that the offenses occurred 'between mm 41/mm 41.4 * * * in the city of Streetsboro in Portage County, State of Ohio'" subjected the appellant "to both the territorial and subject matter jurisdiction of the court"). Whether "YG.0.8" is, in fact, within the territorial boundaries of

the Ashtabula Municipal Court would be a factual matter to be determined at trial. By virtue of Jones' no contest plea in the present case, however, the fact that the offense occurred within the court's territory was duly established. Crim.R. 11(B)(2) ("[t]he plea of no contest * * * is an admission of the truth of the facts alleged in the * * * complaint"); *State v. Hershey-Wokaly*, 9th Dist. Lorain No. 05CA008658, 2005-Ohio-3111, ¶ 8 (a "plea of no contest disposes of this issue; it is an admission of the proper venue") (citation omitted).[2]

**{¶44}** Jones further claims that the "traffic citation [sic] included the wrong ordinance number, and [he] wasn't properly notified of the nature and cause of the charge." Appellant's brief at 20.

**{¶45}** It is widely acknowleged that "[t]he primary purpose of the charging instrument in a criminal prosecution is to inform the accused of the nature of the offense with which he or she is charged." *Akron v. Holland Oil Co.*, 146 Ohio App.3d 298, 302-303, 765 N.E.2d 979 (9th Dist.2001). A valid complaint "must contain * * * 'a written statement of the essential facts constituting the offense charged[,]'" and "'may be in the words of the applicable section of the statute, * * * or in words sufficient to give the defendant notice of all the elements of the offense with which the defendant is charged.'" *State v. Jones*, 11th Dist. Ashtabula No. 2015-A-0068, 2016-Ohio-6987, ¶ 18, citing Crim.R. 3 and Crim.R. 7(B); *State v. Mays*, 104 Ohio App.3d 241, 245, 661 N.E.2d 791 (2d Dist.1995) (applying Crim.R. 7(B) to complaints in addition to indictments and informations).

**{¶46}** Here, the Complaint · Affidavit · Summons charged Jones with violating Ashtabula Codified Ordinance 541.05(a)(1) (Criminal Trespass), and alleged the

---

2. On the equivalency of a municipal court's territorial jurisdiction and venue, *see State v. Sunday*, 9th Dist. Summit No. 22917, 2006-Ohio-2984, ¶ 9-10.

11

following essential facts: that Jones "did knowingly enter or [remain][3] on the property of the railroad right of way." Jones notes that the facts properly describe a violation of Ashtabula Codified Ordinance 553.07(d) (Railroad Vandalism): "No person, without privilege to do so, shall knowingly enter or remain on the land or premises of a railroad company."

{¶47} We find no defect in the charging instrument. The elements of Criminal Trespass and Railroad Vandalism are virtually identical, except that the latter charge qualifies "the land or premises of another" as "the land or premises of a railroad company." *Jones* at ¶ 18 ("Crim.R. 3 does not require the complaint to track the language of the statute"). The Railroad Vandalism ordinance even describes a violation of subsection (d) as "criminal trespass on the land or premises of a railroad company." Ashtabula Codified Ordinance 553.07(f). In no way was Jones misled as to the offense he was charged with or what the essential elements of that offense were.

{¶48} Lastly, Jones claims that the Complaint failed to invoke the municipal court's subject matter jurisdiction because it was not made under oath and/or properly sworn to by the deputy clerk. "The face of the citation [sic] shows that a deputy clerk acknowledged that the citation was sworn to and subscribed before her on Saturday, February 6, 2016. Railroad Police Officer Joseph Hergenroeder signed the citation at the time of issuance, not in the presence of a deputy clerk." Appellant's brief at 19.

{¶49} As noted above, Criminal Rule 3 mandates that a complaint "shall be made upon oath before any person authorized by law to administer oaths." "[T]he failure of the complainant to make the complaint under oath before a person authorized

---

3. The word "remain" is superscribed in the Complaint. Jones asserts that the word does not appear in the Complaint · Affidavit · Summons issued to him, but was added subsequent to its issuance but prior to it being filed in municipal court. The presence, or absence, of the word in the Complaint · Affidavit · Summons is immaterial for present purposes.

by law to administer oaths raises a jurisdictional question." *State v. Jones*, 7th Dist. Mahoning No. 11 MA 60, 2012-Ohio-1301, ¶ 50; *Patterson*, 1998 WL 310737, at 3 ("[t]he failure to present a properly sworn affidavit can * * * be a defect that deprives a trial court of subject-matter jurisdiction"). This court has recognized that the failure to file a valid complaint is "a jurisdictional defect which cannot be waived by the criminal defendant." *State v. Davies*, 11th Dist. Ashtabula No. 2012-A-0034, 2013-Ohio-436, ¶ 12; *State v. Bretz,* 11th Dist. Portage No. 92-P-0008, 1993 WL 334249, 1 (Aug. 27, 1993) (cases cited).

{¶50} Jones' argument rests on a comparison of the Complaint · Affidavit · Summons issued to him in lieu of arrest and the Complaint · Affidavit · Summons filed in the municipal court. The copy issued to Jones contains the signature of Officer Hergenroeder in the jurat, as well as the date on which it was (or would be) sworn to by the officer. The filed copy is witnessed by the deputy clerk's signature, but otherwise contains the same signature by Officer Hergenroeder as did the summons copy. Jones contends that the Complaint is not valid since it does not appear to have been signed in the presence of the deputy clerk.[4]

{¶51} We disagree. Criminal Rule 3 only requires that the complaint be made "upon oath" and "before any person authorized by law to administer oaths." The jurat in the Complaint · Affidavit · Summons properly attests that the complaint has been "sworn to and acknowledged," not signed, before the deputy clerk.

---

4. We note that a copy of the Complaint · Affidavit · Summons issued to Jones is not properly in the record. A copy was attached to his Motion to Dismiss for Lack of Subject Matter Jurisdiction, but that Motion was stricken from the record by order of the municipal court. A copy was attached to Jones' appellate brief, but such a copy is not proper evidence and may not be considered by this court. *Condron v. Willoughby Hills,* 11th Dist. Lake No. 2007-L-015, 2007-Ohio-5208, ¶ 38 ("an appellate court's review is strictly limited to the record that was before the trial court, no more and no less") (citation omitted). We nonetheless will consider Jones' argument assuming that the necessary copy was part of the record.

**{¶52}** As this court has recognized:

> Crim.R. 3 does not contain any express reference to the presence of a jurat in a complaint; instead, as to the "oath" requirement, the rule only states that the complaint must be made under oath before a person who has the power to administer the necessary oath. As a general proposition, a jurat is merely a certificate which is intended to establish that the oath was duly administered by a duly authorized individual.

*Davies*, 2013-Ohio-436, at ¶ 24.

**{¶53}** The presence of Officer Hergenroeder's signature on the copy of the Complaint · Affidavit · Summons does not in any way suggest that the oath was not duly administered by the deputy clerk.

**{¶54}** The fifth assignment of error is without merit.

**{¶55}** Under the sixth and final assignment of error, Jones argues that he was deprived of constitutionally effective assistance of counsel before the municipal court. Jones argues that trial counsel had no interest in discussing the facts of his case with him and "asked to strike the motions from the record, because it's her job to file motions, yet, she had no intention of filing anything, and, on the City's behalf, rather than on Mr. Jones' behalf, sat idly by until Mr. Jones gave up[,] submitted and pleaded no contest." Appellant's brief at 22.

**{¶56}** To reverse a conviction for ineffective assistance of counsel, the defendant must prove "(1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome of the proceeding."

14

*State v. Madrigal*, 87 Ohio St.3d 378, 388-389, 721 N.E.2d 52 (2000), citing *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

**{¶57}** Initially, we note that, by pleading no contest, Jones has admitted the truth of the facts alleged in the complaint and thus cannot prevail on a claim of ineffective assistance of counsel. "This court has repeatedly held that '[a] plea of guilty or no contest waives any prejudice a defendant suffers arising out of his counsel's alleged ineffective assistance, except with respect to a claim that the particular failure alleged impaired the defendant's knowing and intelligent waiver of his right to a trial.'" (Citation omitted.) *State v. Bregitzer*, 11th Dist. Portage No. 2012-P-0033, 2012-Ohio-5586, ¶ 17.

**{¶58}** Even allowing that Jones could demonstrate prejudice, we find no deficiency in counsel's performance. Jones has argued the substance of his pro se pre-trial motions on appeal under the previous assignments of error. As none of these assignments of error have been found to have merit, counsel's failure to re-assert them in the municipal court does not support a claim of ineffective assistance.

**{¶59}** The sixth assignment of error is without merit.

**{¶60}** For the foregoing reasons, Jones' conviction for Criminal Trespass in the Ashtabula Municipal Court is affirmed. Costs to be taxed against the appellant.


THOMAS R. WRIGHT, J., concurs,

COLLEEN MARY O'TOOLE, J., concurs in judgment only.